**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:53 PM January 16, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BRIAN DAVID HEIM | ) | CASE NO. 18-62067 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

On October 11, 2018, Debtor filed a chapter 7 bankruptcy petition. The petition is signed by Debtor. On the petition date, Debtor also filed a certificate of credit counseling. The certificate indicates that the course was completed by POA, Jane Heim. This court has previously determined that the credit counseling course requirement cannot be delegated to an agent. *See, e.g.,* In re Hammer, Case. No. 08-61505 (Bankr. N.D. Ohio Sept. 11, 2008); *see also* In re Ebert, Case No. 08-63527 (Bankr. N.D. Ohio November 23, 2011) (addressing the postpetition financial management course). On October 12, 2018, the court entered an order requesting that Debtor file a motion seeking an exemption from the counseling requirement. Debtor filed such a motion on October 15, 2018.

Debtor is currently incarcerated in federal prison, and argues that he is entitled to an exemption under 11 U.S.C § 109(h)(4), which states that the credit counseling requirement will not apply to a debtor who is determined to be "unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." Debtor has claimed that he should be exempt because his incarceration places him in a situation of disability, which exists when "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." Id. Debtor additionally claims, without a supporting affidavit or evidence of any kind, that he would not be permitted to undertake the counseling course over the phone while in prison.

Courts have not been sympathetic to this interpretation of the disability exemption. The state of being physically restrained is not synonymous with being physically impaired. In re Goodwin, 2009 Bankr. LEXIS 1362 (Bankr. N.D. Ga. 2009), *3-4. If the word "disability" were read as meaning "inability to show up", that exemption would render the active military duty exemption entirely unnecessary and redundant. Id. Though incarceration "may erect physical barriers" to completing the requirement, "it is not a physical impairment in the sense that it is not an injury, defect, or characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing." In re Larsen, 399 B.R. 634, 637 (Bankr. E.D. Ga. 2009). The view that incarceration is not a disability within the meaning of the statute is shared by courts throughout multiple circuits, including the Sixth Circuit.. See, e.g., In re Anderson, 397 B.R. 363, 366-367 (6th Cir. BAP 2008); In re Bindus, 2008 Bankr. LEXIS 2387 (Bankr. N.D. Ohio 2008); In re Hubel, 395 B.R. 823, 826 (N.D.N.Y. 2008); In re Rendler, 368 B.R. 1, 4 (Bankr. D. Minn. 2007); In re McBride, 354 B.R. 95, 99 (Bankr. D.S.C. 2006).

As of January 14, 2019, Debtor has failed to file a credit counseling certificate for a course he himself completed. Consequently, Debtor's failure to comply with the bankruptcy rules renders him ineligible to be a debtor. Accordingly, the case will be dismissed by separate order.

# # #

**Service List**:

**Brian David Heim**
435 Prospect Avenue
Canal Fulton, OH 44614

**David A. Looney**
1735 S. Main Street
Akron, OH 44301

**Anne Piero Silagy**
1225 South Main Street
Suite 1
North Canton, OH 44720